**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANGELO B. PERRY, | : | |
|  | : | Civil No. 05-4780 (RBK) |
| Petitioner, | : | |
|  | : | |
| v. | : | |
|  | : | **OPINION** |
| JONATHAN C. MINER, WARDEN, | : | |
|  | : | |
| Respondent. | : | |

**APPEARANCES:**

> ANGELO B. PERRY, Petitioner pro se
> #84128-020
> 2901 N.W. 186 Terrace
> Miami, Florida 33056

**KUGLER, District Judge**

This matter is before the Court on the petition of Angelo B. Perry ("Perry") for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which Perry is confined. The petition was initially filed with the Court on or about October 5, 2005, when Perry was confined at the Federal

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Correctional Institution ("FCI") in Fairton, New Jersey.  He has since been transferred to a community corrections center {"CCC") in Miami, Florida.  His projected final release date is March 12, 2006.  Perry also filed a motion for bail pending resolution of his habeas petition, and another motion for leave to amend his petition.  Because this Court lacks jurisdiction to consider this petition, and it is not in the interest of justice to transfer the petition, this Court will dismiss the petition, without prejudice, for lack of jurisdiction.

## I.   BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On June 7, 1993, Perry pleaded guilty in the U.S. District Court for the Middle District of Georgia to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a).  On November 8, 1993, he was sentenced to a term of imprisonment of 163 months, pursuant to which he remains confined.

Perry filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied.  The denial was affirmed on appeal to the Court of Appeals for the Eleventh Circuit.  In its opinion, entered March 17, 1997, the Court of Appeals described the evidence supporting his

conviction, including some evidence which Perry states was not included in the indictment or provided to his attorney before Perry entered his guilty plea.[2]

On October 5, 2005, this Court received Petitioner's § 2241 habeas Petition, alleging (1) that his guilty plea was not made knowingly and voluntarily, because he was not given notice of the true basis for his plea, and (2) that he was denied an opportunity to challenge the voluntariness of his plea on a § 2255 motion because he was not aware, until the March 17, 1997 Eleventh Circuit opinion, that the elements of the charge to which he pleaded guilty were materially different from the elements charged in the 1st superseding count one indictment for which he was apparently sentenced.  Further, Perry asserts that

---

[2] Perry alleges that, at his plea hearing, the district court informed him that his plea is based on "possession" of a Schedule II controlled substance, as charged in Count Two of the indictment, in violation of 21 U.S.C. § 841(a)(1).  The government testified that Perry was charged with having 40 grams of cocaine base in a police search of an apartment in Albany, Georgia on November 1, 1991.  However, information provided to the Eleventh Circuit with respect to his appeal from denial of his § 2255 motion revealed that Perry's plea was based on a "1st superseding count one indictment".  This indictment charged Perry with having conspired with Calvin Nether and others, in Albany, Georgia and elsewhere, to possess two kilograms of powdered cocaine and 50 grams of cocaine base, which had been seized incident to Nether's arrest in Atlanta, Georgia on June 13, 1991.  Perry contends that neither he nor his attorney were given notice of this "1st superseding count one indictment".  The superseding indictment was never mentioned during the plea hearing, and was placed on the record at an unknown date.

he is "actually innocent" of the conduct charged under the 1st superseding indictment.

Perry is no stranger to this district court.  He has filed numerous applications under § 2241 in this district challenging his conviction and/or sentence.[3]  Recently, in April 2005, Perry filed another § 2241 habeas petition, challenging his 1993 conviction by guilty plea on substantially the same grounds as alleged in this petition.[4]  The court dismissed the petition, for lack of jurisdiction, because it was a second or successive § 2255 motion which may be brought in the district of conviction only if the applicable Court of Appeals has authorized such a filing under 28 U.S.C. § 2244.  See Perry v. Miner, Civil No. 05-2250 (JBS)(D.N.J. Sept. 9, 2005)(Document Entry No. 10).

In this petition, Perry has filed two motions, one for bail pending disposition of his petition (Document Entry No. 2), and a second for leave to file an amended petition, (Document Entry No.

---

[3]  See Perry v. Miner, Civil No. 04-775 (JEI)(D.N.J. March 10, 2004), Order denying the § 2241 petition (Document Entry No. 3, Exhibit A), which contains a list of 32 actions filed by Perry, 23 of which were § 2241 habeas petitions denied or dismissed by the court.

[4]  In the April 2005 petition, Perry also argued that his sentence is illegal, because it is based upon information contained in the pre-sentence report, respecting the nature of the conspiracy and the amount of cocaine involved in the conspiracy, that he did not admit to during the guilty plea and that were not found by a jury beyond a reasonable doubt.  Perry cited United States v. Booker, 543 U.S. 220 (2005), in support of his argument that the mandatory minimum sentence imposed pursuant to the U.S. Sentencing Guidelines is invalid.

3).  The motion to amend the petition does not raise any claims different from those asserted in the original petition. Accordingly, the motion for leave to file amended petitions will be denied.  Because the Court is dismissing this § 2241 habeas petition, this disposition renders Perry's motion for bail moot.

## II.  ANALYSIS

### A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claims

Perry contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized,

6

however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker,

which is an extension of Apprendi.  See Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. (U.S. Oct. 31, 2005).  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[5]

    Perry's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this petition.  This Court also finds Perry's claim that the Dorsainvil exception applies because he is "actually innocent" of the superseding charge to be disingenuous and contrived.  Perry has known of the facts charged in the superseding indictment since 1997.  Since that time, Perry has filed numerous § 2241 habeas petitions challenging his conviction and sentence based on his unawareness of the superseding indictment, but has not raised a claim of actual innocence until this latest of many § 2241 petitions.  Accordingly, the petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C.

---

[5] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

§ 2255,[6] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Eleventh Circuit, as a request for leave to file a second or successive § 2255 motion.  Perry has admitted that the claim that his guilty plea was not entered knowingly and voluntarily is based upon facts that became known to him no later than 1997,

---

[6] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Perry has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

substantially more than one year before this petition was submitted.

## III. CONCLUSION

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction. All pending motions will be denied. An appropriate order follows.

S/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge

Dated: January 18, 2006