**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANGELO PERRY,                           :
                                        :       Civil Action No. 05-4780 (RBK)
              Petitioner,               :
                                        :
         v.                             :              **O P I N I O N**
                                        :
JONATHAN C. MINER,                      :
                                        :
              Respondent.               :


**APPEARANCES:**

        ANGELO PERRY, Plaintiff pro se
        REG. NO. 84128-020
        F.D.C. Miami
        P.O. Box 019120
        Miami, Florida 33101-9120

**KUGLER**, District Judge

        This matter comes before the Court upon pro se plaintiff's,

Angelo Perry ("Perry") motions for reconsideration of this

Court's January 18, 2006 Opinion and Order dismissing Perry's

petition for a writ of habeas corpus under 28 U.S.C. § 2241, for

lack of jurisdiction.  Perry filed his first motion for

reconsideration on January 30, 2006.  (Docket Entry No. 8).  He

filed his second motion for reconsideration on February 17, 2006.

(Docket Entry No. 9).

        This motion is decided without oral argument pursuant to

Federal Rule of Civil Procedure 78.  For the reasons stated

below, the motion is denied.

## I. __BACKGROUND__

On October 10, 2005, Perry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a 1993 federal conviction.  On January 18, 2006, this Court filed an Opinion and Order dismissing the petition for lack of jurisdiction because it is a prohibited second or successive petition under 28 U.S.C. § 2255.  In particular, the Court found that Perry, being no stranger to the court, has filed 32 separate actions in this district, 23 of which were § 2241 habeas petitions denied or dismissed by the court.  Further, earlier in the year, in April 2005, Perry had filed another § 2241 habeas petition challenging the same conviction as challenged here, on substantially the same grounds as alleged in this petition.  The Honorable Jerome B. Simandle, U.S.D.J., dismissed the April 2005 petition for lack of jurisdiction as a second or successive § 2255 motion, which must first be authorized by the appropriate United States Circuit Court of Appeals.  See Perry v. Miner, Civil No. 05-2250 (JBS)(D.N.J. Sept. 9, 2005).

In his two motions for reconsideration, Perry contends that this Court overlooked the "unusual circumstances" in petitioner's case which disclose that a remedy under § 2255 is inadequate to challenge the validity of his conviction.  The "unusual circumstances" advanced by Perry were clearly articulated by Perry in his petition and in his prior actions, and carefully

reviewed by this Court.  These circumstances do not render a
remedy under § 2255 "inadequate or ineffective" as contemplated
in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in
the Federal Rules of Civil Procedure.  United States v.
Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).
Generally, a motion for reconsideration is treated as a motion to
alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion
for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.
In the District of New Jersey, Local Civil Rule 7.1(g) governs
motions for reconsideration.  Bowers v. Nat'l. Collegiate
Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek
reconsideration by the Court of matters "which [it] believes the
Court has overlooked" when it ruled on the motion.  L. Civ. R.
7.1(g); see NL Industries, Inc. v. Commercial Union Insurance,
935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument
is high and reconsideration is to be granted only sparingly.  See
United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The
movant has the burden of demonstrating either: "(1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court [issued its
order]; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice." <u>Max's Seafood Café v.
Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* <u>N. River Ins.
Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).
The Court will grant a motion for reconsideration only where its
prior decision has overlooked a factual or legal issue that may
alter the disposition of the matter.  <u>Compaction Sys. Corp.</u>, 88
F. Supp.2d at 345; <u>see</u> <u>also</u> L.Civ.R. 7.1(g).  "The word
'overlooked' is the operative term in the Rule."  <u>Bowers</u>, 130 F.
Supp.2d at 612 (citation omitted); <u>see</u> <u>also</u> <u>Compaction Sys.
Corp.</u>, 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only
those matters of fact or issues of law which were presented to,
but not considered by, the court in the course of making the
decision at issue.  <u>See</u> <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876,
878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989).  Thus,
reconsideration is not to be used as a means of expanding the
record to include matters not originally before the court.
<u>Bowers</u>, 130 F. Supp.2d at 613; <u>Resorts Int'l. v. Greate Bay Hotel
and Casino, Inc.</u>, 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);
<u>Egloff v. New Jersey Air National Guard</u>, 684 F. Supp. 1275, 1279
(D.N.J. 1988).  Absent unusual circumstances, a court should
reject new evidence which was not presented when the court made
the contested decision.  <u>See</u> <u>Resorts Int'l</u>, 830 F. Supp. at 831
n.3.  A party seeking to introduce new evidence on

reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  <u>See</u> <u>Levinson v. Regal Ware, Inc.</u>, Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  <u>See</u> <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  <u>Bowers</u>, 130 F. Supp.2d at 612 (citations omitted); <u>Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.</u>, 680 F. Supp. 159, 162 (D.N.J. 1988); <u>see also</u> <u>Chicosky v. Presbyterian Medical Ctr.</u>, 979 F. Supp. 316, 318 (D.N.J. 1997); <u>NL Industries, Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." <u>Tishcio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Perry does not show that this Court "overlooked" any of the above listed points.  Thus, Perry cannot satisfy the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual

issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  The petition remains a prohibited second or successive § 2255 challenging the validity of his conviction, over which this Court lacks jurisdiction by statute.

Thus, Perry's only recourse, if he disagrees with this Court's decision, is via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by courts in this district on numerous occasions.

### III. <u>CONCLUSION</u>

For the reasons expressed above, Perry's motion for reconsideration will be denied.  An appropriate Order follows.


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

Dated: August 10, 2006